IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TIMOTHY L. BOURGEOIS and § | | |
| GWEN A. BOURGEOIS, § | | |
|    Plaintiffs § | | |
| § | | 3:22-cv-146 |
| VS. § | C.A. NO. | _____ |
| § | | |
| SELECT PORTFOLIO SERVICING, INC. § | | |
| HUGHES, WATTERS & ASKANASE, L.L.P. § | | |
| and its agent, ANTHONY ADAN GARCIA, § | | |
|    Defendants § | | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Select Portfolio Servicing, Inc. ("SPS" or "Defendant") through undersigned counsel, hereby remove this case from the 10th Judicial District Court of Galveston County, Texas, to the United States District Court for the Southern District of Texas, Galveston Division. Defendant denies the allegations of the Complaint and the damages contained therein, and files this Notice without waiving any defenses, exceptions, or obligations that may exist in their favor in state or federal court.

    **I.**    **INTRODUCTION AND STATEMENT OF COMMENCEMENT OF ACTION**

    1.    Plaintiffs Timothy and Gwen Bourgeois ("Plaintiffs") commenced this action by filing a Petition, Cause No. 22-CV-0757, in the 10th Judicial District Court of Galveston County, Texas (the "State Court Action"). See Exhibit C-1. On April 29, 2022, Plaintiffs obtained an ex parte temporary restraining order. See Exhibit C-3. Defendant filed an answer on May 3, 2022 in the State Court Action. See Exhibit C-6. Defendant has not been formerly served with the Complaint; therefore, this action is being removed less than 30 days following service of the

Petition filed in the State Court Action and less than 30 days after Defendant appeared in the State Court Action.[1]  Accordingly, removal is timely under 28 U.S.C. §1446(b).[2]

## II.     PLEADINGS AND NOTICE TO STATE COURT

2.     True and correct copies of all process and pleadings in the State Court Action are being filed along with this Notice of Removal.  Pursuant to 28 U.S.C. § 1446(d), written notice of this removal is being served on Plaintiffs and filed in the State Court Action.

## III.    STATEMENT OF STATUTORY BASIS FOR JURISDICTION AND VENUE

3.     This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. §1332(a)(1).  That statute provides, in pertinent part, that "the district courts shall have the original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."  28 U.S.C. § 1332(a)(1).  Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the State Court Action has been pending is located in this district.  As discussed in detail below, this action satisfies the statutory requirements for diversity of citizenship jurisdiction.

## IV.    DIVERSITY JURISDICTION

### A.    Citizenship of the Parties

4.     This civil action involves a controversy between citizens of different states. Plaintiffs are citizens of the State of Texas.[3]

5.     Defendant, Select Portfolio Servicing, Inc., is a Utah Corporation and is not a citizen of Texas for diversity purposes.  A corporation is deemed to be a citizen of (1) every state

---

[1] Defendants made an appearance on May 3, 2022 by filing an Answer in the State Court Action, prior to being formerly served with Plaintiffs' Original Petition.
[2] *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 347-48 (1999).
[3] See Plaintiffs' Original Petition (the "Complaint") at ¶ 2.

where it has been incorporated and (2) the state where it has its principal place of business (i.e. its "nerve center").[4]  Defendant is a Utah corporation with its principal place of business in Salt Lake City, Utah.  SPS is not incorporated in Texas, nor is its principal place of business located in Texas.  Therefore, SPS is a citizen of Utah for purposes of diversity jurisdiction.

6. Hughes Watters and & Askanase, L.L.P. and "its agent" Anthony Adan Garcia (the "Hughes Defendants") are the foreclosure law firm and one of its attorneys involved in the attempted foreclosure sale at issue and have been improperly joined and therefore their citizenship for diversity purposes is irrelevant to whether this case is removable based on Diversity Jurisdiction.  Plaintiffs included no legally viable causes of action against the Hughes Defendants and cannot prevail based on any legally viable claim against Hughes.

7. A removing party may establish improper joinder by showing that the plaintiff is unable to establish a cause of action against the non-diverse defendant under state law.[5]  A "mere theoretical possibility" of recovery under state law does not suffice to preclude removal.[6]  By way of example, courts routinely hold that the mere inclusion of non-diverse substitute trustees who conduct a foreclosure sale as nominal parties will not defeat diversity jurisdiction.[7]

8. To establish an improper joinder a party must show either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[8]

9. In applying this test, the court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether, under state law, the complaint

---

[4] 28 U.S.C. §1332(c)(1).
[5] *Id.* (citing *Smallwood*, 385 F.3d at 573.
[6] *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000).
[7] *See*, *Mendez v. Wells Fargo Bank, N.A.*, No. SA-14-CV-326-XR, 2014 WL 1923056, at *2 (W.D. Tex. May 13, 2014) citing *Eisenberg v. Deutsche Bank Tr. Co. Americas*, No. SA-11-CV-384-XR, 2011 WL 2636135 (W.D. Tex. July 5, 2011).
[8] *Smallwood v. Illinois Central Railroad Company,* 385 F.3d 568, 573 (5th Cir. 2004).

states a claim against the in-state defendant."[9]  However, unlike a 12(b)(6) analysis, the Court retains discretion to pierce the pleadings and review evidence on whether plaintiff has a viable cause of action under state law.[10]

10. Plaintiffs have not asserted any factual allegations relating to the Hughes Defendants that could constitute a legally viable cause of action against them, therefore they have been improperly joined.[11]

11. By way of background, this is at least the second frivolous lawsuit filed by the Plaintiffs against Defendant.  In the prior lawsuit final judgment was entered in favor of Defendants on June 29, 2018 on all claims of Plaintiffs in C.A. No. 3:17-cv-00059.  See Exhibit E, Amended Final Judgment.

12. In this case Plaintiffs have alleged three causes of action, purportedly against all Defendants: Declaratory Relief, Slander of Title and violations of the Texas Finance Code.[12] None of these claims are legally actionable as to the any party, but certainly not as to the Hughes Defendants.

13. Although the declaratory judgment claims is unclear, there are no allegations that give rise to a legally viable claim for declaratory relief against the Hughes Defendants.  To be entitled to declaratory relief under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, a plaintiff must allege facts demonstrating that there exists "a substantial and continuing controversy between the two adverse parties."[13]

---

[9] *Id.*
[10] *Id.*
[11] *See Kallie v. Citi Residential Lending, Inc.*, No. CV H-18-4238, 2019 WL 398145 (S.D. Tex. Jan. 31, 2019) (holding that where Plaintiff includes no specific factual allegations against a non-diverse defendant that defendant is improperly joined for diversity purposes)..
[12] See Complaint.
[13] *Svoboda v. Bank of Am., N.A.*, 964 F. Supp. 2d 659, 673 (W.D. Tex. 2013), aff'd, 571 F. App'x 270 (5th Cir. 2014) citing *Bauer v. Texas,* 341 F.3d 352, 358 (5th Cir.2003).

14. The Act "does not create a substantive cause of action" and "is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law."[14] It is an authorization, not a command, and gives federal courts broad, but "not unfettered," discretion to grant or refuse declaratory judgment.[15]

15. "A declaratory judgment claim cannot stand alone; instead, the 'Texas Uniform Declaratory Judgments Act is merely a procedural device; it does not create any substantive rights or causes of action.'"[16] "Where all the substantive, underlying claims have been dismissed, a claim for declaratory judgment cannot survive."[17]

16. Since there are no sufficient allegations or evidence to support any claim against the Hughes Defendants, there is no justiciable controversy and there is no basis for any declaratory relief sought by Plaintiffs against the Hughes Defendants.

17. To state a claim for slander of title under Texas law, a plaintiff must allege: 1) the uttering and publishing of disparaging words; 2) falsity; 3) malice; 4) special damages; 5) possession of an estate or interest in the property disparaged; and 6) the loss of a specific sale.[18] Plaintiffs have not and cannot truthfully allege facts sufficient to state a slander of title claims against the Hughes Defendants.

18. Finally, Plaintiffs have attempted to allege nonsensical claims against all Defendants for violations of provisions of the Texas Finance Code often referred to as the Texas

---

[14] *MetroPCS Wireless, Inc. v. Virgin Mobile USA, L.P.,* No. 3:03–CV–1658–D, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009) (Fitzwater, C.J.) (citations and internal quotation marks omitted).
[15] *Id.*
[16] *Davis v. Silver State Fin. Servs.,* No. H–13–1432, 2014 WL 713235, at *10 (S.D. Tex. Feb.20, 2014) (quoting *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.,* 99 F.3d 746, 752 n. 3 (5th Cir.1996) (internal citation omitted)).
[17] *Id.* (citations omitted).
[18] *Kaechler v. Bank of Am., N.A.*, No. Civ. A. H-12-423, 2013 WL 127555, at *5 (S.D. Tex. Jan. 9, 2013) citing *Moye v. Fed. Home Loan Mortg. Corp.,* No. H–12–0502, 2012 WL 3048858, at *4 (S.D. Tex. July 25, 2012) (citing *Kiggundu v. Mortg. Elec. Registration Sys.*, *Inc.,* No. 4:11–1068, 2011 WL 2606359, at *7 (S.D. Tex. June 30, 2011)).

Debt Collection Practices Act ("TDCA"). Plaintiffs' allegations are vague and unclear as to the Hughes Defendants and otherwise fail to state any legally viable claims.

19. In order to establish a claim under the TDCA, Plaintiffs must allege facts establishing that: (1) the debt at issue is a consumer debt; (2) the defendant is a debt collector within the meaning of the TDCA; (3) the defendant committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against Plaintiff; and (5) Plaintiff was injured as a result of the defendant's wrongful act.[19]

20. "To violate the TDCA using a misrepresentation, 'the debt collector must have made an affirmative statement that was false or misleading.'"[20]

21. Vaguely referring to sections or provision of the Texas Debt Collection Act or a formulaic recitation of the statutory elements is not a sufficient pleading to overcome dismissal based on the pleadings.[21] Additionally, although no foreclosure sale is alleged or has occurred, it is relevant to note that the act of foreclosure is not a violation of the Texas Debt Collection Act. The TDCA does not prevent an alleged debt collector from "exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings."[22]

22. Plaintiffs fail to state facts that could give rise to a legally viable TDCA claim against the Hughes Defendants. No facts are alleged against the Hughes Defendants that could meet the essential elements of a legally viable TDCA claim and no damages have been or can be

---

[19] See S*groe v. Wells Fargo Bank, N.A.,* 941 F.Supp.2d 731, 748 (E.D. Tex.2013).
[20] See *Verdin v. Fed. Nat'l Mortgage Ass'n,* 540 Fed. Appx. 253, 257 (5th Cir.2013) (citing *Kruse v. Bank of N.Y. Mellon,* 936 F.Supp.2d 790, 792 (N.D.Tex.2013)).
[21] See *Massaquoi v. LoanCare, LLC*, No. 4:17-CV-00478-O-BP, 2017 WL 4326691, at *2 (N.D. Tex. Sept. 13, 2017); See *Richardson v. Deutsche Bank Nat'l Trust Co.*, No. 4:11-CV-0180, 2011 WL 5994317, at *7 (N. D. Tex. Nov. 28, 2011) (dismissing TDCA claim based on the pleadings for mere formulaic recitation of elements without factual allegations to support same).
[22] Tex. Fin. Code § 392.301(b)(3); *Sweet v. Wachovia Bank and Trust Company,* No. 3:03–CV–1212–R, 2004 WL 1238180, at *3 (N.D. Tex. Feb. 26, 2004); *O'Neill v. CitiMortgage, Inc.*, No. 413-CV-656-O, 2014 WL 1199338, at *4 (N.D. Tex. Mar. 24, 2014).

6

truthfully alleged by the Plaintiffs as they continue to reside in the subject collateral without making payments on the subject mortgage.

23. Finally, all claims against the Hughes Defendants, as the attorneys who handled the foreclosure proceedings for Defendant, fail because they are protected by attorney immunity. Any actions of the Hughes Defendants that potentially form the basis of Plaintiffs' claims were undertaken in the course of the representation of Defendant and are therefore protected by attorney immunity.[23] "It is axiomatic that an attorney acting in his representational capacity in a foreclosure proceeding is protected by qualified immunity."[24]

24. As established, Plaintiffs have not stated a legally viable claims against the Hughes Defendants and therefore they were improperly joined and their citizenship is irrelevant for purposes of diversity jurisdiction.

25. Since Plaintiffs are citizens of Texas and SPS is a citizen of Utah, complete diversity of citizenship exists between all parties, other than those that were improperly joined.[25]

26. Further, consent to removal by the Hughes Defendants is not required because they were improperly joined and separately because they have not been served by Plaintiffs.[26]

---

[23] *See Ironshore Europe DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759, 765 (5th Cir. 2019).
[24] *Roberson v. Bank of New York Mellon*, No. 3:17-CV-00190, 2018 WL 2454158, at *2 (S.D. Tex. May 7, 2018), *report and recommendation adopted*, No. 3:17-CV-00190, 2018 WL 2446593 (S.D. Tex. May 30, 2018); *Iqbal v. Bank of Am., N.A.*, 559 F. App'x 363, 365 (5th Cir. 2014) (citing Texas law for holding attorney immunity applies outside of the litigation context and protects lawyers representing parties in foreclosure proceedings).
[25] *See* 28 U.S.C. § 332(c)(1); *Vela v. Select Portfolio Servicing, Inc.*, No. 7:20-CV-68, 2020 WL 4805033, at *2 (S.D. Tex. Aug. 18, 2020); *Johnson v. Citigroup Mortg. Loan (2) Tr. Inc.*, No. 5:16-CV-1114-RCL, 2017 WL 3337268, at *12 (W.D. Tex. Aug. 3, 2017).
[26] *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F2d. 1254, 1261-62, (5th Cir. 1988); *Milstead Supply Co. v. Casualty Ins. Co.*, 797 F. Supp. 569, 573 (W.D.Tex.1992).

## Amount in Controversy

27. This case places an amount in controversy that exceeds the $75,000 threshold. A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.[27] Such jurisdiction exists as long as the parties are completely diverse and the amount in controversy exceeds $75,000.00.[28]

28. When ascertaining the amount in controversy in the context of a motion to remand, district courts query whether a plaintiff's state court petition, as it existed at the time of removal, alleged damages in excess of the statutory minimum.[29] If the petition does not allege a specific amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy requirement is satisfied.[30] The removing party satisfies this burden if the court finds it "facially apparent" that the plaintiff's claimed damages likely exceed $75,000.00.[31]

29. Additionally, Plaintiffs seek to enjoin Trustee from foreclosing on or obtaining possession of property located at 1904 N. Mission Circle, Friendswood, Texas 77546 (the "Property"), and the value of the Property exceeds $75,000.00.[32] See Exhibit D.

30. The value of the Property according to the Galveston County Appraisal District is no less than $331,020.00. See Exhibit D.

31. Federal jurisdiction can be established by facts alleged in the petition for removal that support a conclusion that the amount in controversy requirement is satisfied.[33] "In actions

---

[27] *See* 28 U.S.C. § 1441(a).
[28] *See* 28 U.S.C. § 1332(a).
[29] *See S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 492 (5th Cir.1996).
[30] *See Lewis v. State Farm Lloyds*, 205 F. Supp. 2d 706, 708 (S.D. Tex. 2002) citing *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir.1993); *see also Manguno v. Prudential Prop. and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir.2002) (explaining that the removing party bears the burden of showing that federal jurisdiction exists and that removal is proper).
[31] *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995).
[32] See Complaint at ¶2 and ¶8 referencing the Home Equity Security Instrument that describes the property at issue.

seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."[34] Plaintiffs seek relief which if successful would preclude enforcement of the contractual loan obligations and Trustee's right to foreclose on and take possession of the Property.[35]

32. "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."[36] "[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."[37] Also, where a party seeks to quiet title or undo a foreclosure, the object of the litigation is the property at issue and the amount in controversy is measured by the value of the property.[38] The value of the subject property in this instance for diversity purposes is no less than $331,020.00 per the records of the Galveston County Appraisal District for 2022. See Exhibit D. The value of the Property in this instance satisfies the jurisdictional amount of $75,000.00 for diversity purposes as does the specific claim for money damages asserted by Plaintiffs.

## V.     JURY DEMAND

33. Plaintiffs made a jury demand in the State Court Action.

## VI.     CONCLUSION

34. For the foregoing reasons, Defendant asks the Court to remove this suit to the United States District Court for the Southern District of Texas, Galveston Division.

---

[33] *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed. Appx. 62, 66, 2010 WL 445470, 2 (5th Cir. 2010) (unpublished) (*citing Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003)).
[34] *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977).
[35] See Complaint at ¶¶ 61-63.
[36] W*aller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961).
[37] *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996), citing *Leininger v. Leininger*, 705 F.2d 727 (5th Cir. 1983).
[38] *See Berry v. Chase Home Fin., LLC*, 2009 WL 2868224, at *2 (S.D. Tex. August 27, 2009).

Respectfully submitted,

By: /s/ Michael F. Hord Jr.
    Michael F. Hord Jr.
    State Bar No. 00784294
    Federal I.D. No. 16035
    Eric C. Mettenbrink
    State Bar No. 24043819
    Federal I.D. No. 569887
    HIRSCH & WESTHEIMER, P.C.
    1415 Louisiana, 36th Floor
    Houston, Texas  77002-2772
    Tel 713-220-9182 / Fax 713-223-9319
    E-mail: mhord@hirschwest.com
    Email:  emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

On this 6th day of May, 2022, I hereby certify that a true and correct copy of the foregoing Notice of Removal was forwarded as follows:

James M. Andersen
17041 El Camino Real, Suite 204
Houston, TX 77058
Phone: (281) 488-2800
Fax: (281) 480-4851
Email: jandersen.law@gmail.com
**Via ECF and Email**

/s/ Michael F. Hord Jr.
Michael F. Hord Jr.