### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

| | |
|---|---|
| TIMOTHY L. BOURGEOIS and GWEN A. BOURGEOIS, <br><br> Plaintiffs <br><br> VS. <br><br> SELECT PORTFOLIO SERVICING, INC. HUGHES,WATTERS&ASKANASE,L.L.P. and its agent, ANTHONY ADAN GARCIA, <br><br> Defendants. | § § § § § § § § § § § § § § § <br><br> C. A. No. 3:22-cv-146 |

## PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION (Doc 14) TO PLAINTIFFS' MOTION TO REMAND(Doc. 9)

Plaintiffs, in Paragraph 12 of their Motion to Remand, cited to the abstention of exercising jurisdiction by federal courts under the doctrine of comity. Defendant's Response wholly failed to address this issue. While a response is not required by defendant, it is also not prohibited. The assertions of comity are based on the assertion of that "foreclosures in Texas are a policy problem of substantial public importance; retention of jurisdiction would be disruptive to Texas's need to rule of issues on first impression" and that this case is one of first impression." The Court's decision in this case will be appealed no matter which party succeeds in obtaining a judgment in its favor. An appeal to the U. S. Fifth Circuit Court of Appeals will then be based on an "Erie guess" as to what the Texas Supreme Court would rule on the subject. This is not helpful to any party involved in this litigation.

1

All parties would benefit to have the case remanded to state district court and to have the issues decided by the appellate state courts so that Texas jurisprudence regrading this issue can be clarified by that appellate process and the litigants will no longer have to be base their actions on the 5th Circuit's *Erie* guess. In this regard it is important to note that Texas appellate courts are not bound by the 5th Circuit's decision. As the Texas 14th Court of Appeals stated in *Swoboda v. Ocwen Loan Servicing, LLC*, **579 S.W.3d 628, 635** (Tex. App. 2019): "We, of course are not obligated to follow the Fifth Circuit, even on questions of federal law. See *Penrod Drilling Corp. v. Williams,* **868 S.W2d.294, 296** (Tex. 1993) (per curiam)."

Plaintiffs' stake in this litigation is substantial as the property is their homestead. The loan at issue in this case is a Texas Home Equity loan as provided for under the Constitution of the State of Texas, Article XVI, Section 50. There are no federal questions of law involved in this case. The Texas Supreme Court in *Data Foundry, Inc. v. City of Austin*, **No. 19-0475**, pp 4-5 (Tex-April 10, 2021) citing *Heckman v. Williamson Cty.*, **369 S.W.3d 137, 154**(Tex. 2012).(Citing *Lujan v. Defenders of Wildlife*, **504 U.S. 555**(1992) adopted the standard that a party requesting relief through the Courts must show "(1) an injury in fact that is both concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) that the injury is fairly traceable to the defendant's challenged action; and (3) that it is likely, as opposed to merely speculative, that the injury will redressed by a

favorable decision."   Under the specific facts of this case, the application of the these three requisites to have standing to recover in the context of a Texas Home Equity Loan is one of first impression for Texas jurisprudence and plaintiffs are entitled to have this issue determined by Texas state courts and not ultimately by the 5th Circuit which may make its *Erie* guess only to have it later disregarded by a state appellate court.

The basis for abstention from exercising federal jurisdiction is amply stated in Plaintiffs' Motion to Remand and need not be re-stated herein.  While the non-diverse parties have been removed from the case, that fact alone is not sufficient cause under the case law cited in the Plaintiffs' Motion not to remand the case to state district court.  Retention of this case in federal court disenfranchises the plaintiffs in this specific case of their right to have Texas courts make a determination of their rights under Texas law.

Plaintiffs ask the Court to Remand this case back to the State District Court where it was filed.

Respectfully submitted,
James Andersen Attorney

*/s/ James M. Andersen*
James M. Andersen
Texas Bar No. 01165850
James Andersen Attorney
17041 El Camino Real

Suite 204
Houston, TX 77058
Phone: (281) 488-2800
Fax: (281) 480-4851
Email: jandersen.law @gmail.com
Attorney for Plaintiffs
TIMOTHY L. BOURGEOIS and
GWEN A. BOURGEOIS

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Motion was forwarded to all parties and/or their attorneys of record, in accordance with the Federal Rules of Civil Procedure, on this the 24th day of June, 2022, through the Court's ECF filing system addressed as follows:

mhord@hirschwest.com
emettenbrink@hirschwest.com
Michael F. Hord, Jr.
Eric C. Mettenbrink
Hirsch & Westheimer, P.C.
1415 Louisiana, 36th Floor
Houston, TX 77002

/s/*James M. Andersen*
James M. Andersen

4